UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------

| | )  |
|---|---|
| AKIRA KIRKPATRICK, VALERI NATOLI, CANDACE N. GRAHAM, NICHOLAS BOWES, AND CARLY SWARTZ, *on behalf of themselves and all others similarly situated,* | ) ) ) ) ) ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF PITTSBURGH, | ) |
| | ) |
| Defendant. | ) |

Case No. 2:20-CV-690-WSS

------------------------------------

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS, APPOINT CLASS COUNSEL AND CLASS REPRESENTATIVES, APPROVE PROPOSED CLASS NOTICE, AND SCHEDULE A FINAL APPROVAL HEARING

**WHEREAS**, Plaintiffs Akira Kirkpatrick, Valeri Natoli, Candance N. Graham, Nicholas Bowes, and Carly Swartz (together, "Plaintiffs" or "Named Plaintiffs"), individually and as representatives of the class defined below, and Defendant University of Pittsburgh ("Pitt" or "Defendant") (and with Plaintiffs, the "Parties") have entered into a Stipulation of Settlement that was stipulated to on April 11, 2025 ("Settlement Agreement"), which if approved, would resolve this class action ("Action");

**WHEREAS**, the Named Plaintiffs have filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which Pitt does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declaration, the Settlement Agreement, and all exhibits thereto, including the proposed class notices (hereinafter, the "Notices"), and finds there is sufficient basis for granting preliminary

1

approval of the Settlement, directing that the Short Form Notice be disseminated to the class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement Agreement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. Unless otherwise defined herein, defined terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members defined below. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of

liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5. For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Class:

> All students who were enrolled in at least one in-person course(s) during the Spring 2020 semester at the University and any of its branch locations but had their course(s) moved to remote learning as a result of the COVID-19 pandemic, excluding (i) any person who properly executes and files a timely opt-out request to be excluded from the Settlement Class; and (ii) the legal representatives, successors or assigns of any such excluded person.

6. For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any individual questions; (c) the claims of Named Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Named Plaintiffs and Plaintiffs' Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7. For purposes of the proposed Settlement only, the Court preliminarily appoints all Named Plaintiffs as Settlement Class Representatives.

8. For purposes of the proposed Settlement only, the Court preliminarily appoints Gary F. Lynch and Nicholas A. Colella of Lynch Carpenter, LLP, Jeffrey A. Klafter of Klafter Lesser LLP, and Paul Doolittle of Poulin | Willey | Anastopoulo, LLC as Class Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf

of the Settlement Class Representatives and the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Settlement.

9. The Court appoints the firm of RG/2 Claims Administration LLC as Settlement Administrator to administer the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

10. Having reviewed the proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A-1 and A-2 to the Settlement, the Court approves, as to form and content, such Notices.

11. Within thirty (30) days after the entry of this Order, Pitt shall produce to the Settlement Administrator an electronic list from its records that includes the names, last known email address, and last known postal address, including personal email address and permanent postal address, to the extent available, belonging to all persons within the Settlement Class ("Settlement Class List").

12. Within forty-five (45) days after the entry of this Order, the Settlement Administrator shall send to all persons listed on the Settlement Class List, via email, or by U.S. mail if an email address is not included on the Settlement Class List, or the email address is invalid, the Short Form Notice substantially in the form submitted to the Court.

13. No later than forty-five (45) days after the entry of this Order, and before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, when available, in downloadable format, the following: (i) the Long Form Notice; (ii) the Preliminary Approval Order; (iii) this Settlement Agreement (including all of its exhibits); (iv) a Question and Answer section agreed to by the Parties anticipating and

answering Settlement-related questions from prospective class members; (v) contact information for the Settlement Administrator and Class Counsel; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall allow Settlement Class Members to provide an updated mailing address to receive a paper check, or to elect to receive their Settlement Benefit via Venmo or PayPal.

14. Prior to the Final Approval Hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice to the Settlement Class.

15. No later than fifty (50) days following the entry of this Order, Pitt shall inform potential Settlement Class Members of the settlement by providing a link to the Settlement Website on a website hosted by Pitt.

16. The Court finds and determines that (a) emailing or mailing the Short Form Notice, (b) posting of the Long Form Notice on the Settlement Website, and (c) posting a link to the Settlement Website on Pitt's website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

17. Any person falling within the definition of the potential Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class. No potential Settlement Class Member may both opt-out of the Settlement and object to the Settlement; a potential Settlement Class Member must decide whether to opt-out of the Settlement or to object.

18. Any person who desires to request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Long Form Notice. Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than forty-five (45) days after the mailing and emailing of the Short Form Notice (the "Objection/Exclusion Deadline").

19. All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Long Form Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

20. Any motion for final approval of the Settlement and final certification of the Settlement Class for settlement purposes only, shall be filed by Class Counsel, in coordination with Pitt's Counsel, no later than ten (10) days prior to the Final Approval Hearing.

21. This Court will hold a hearing in the United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, Courtroom 8B 700 Grant Street, Pittsburgh, PA 15219, at 10:00AM on July 7, 2025 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (c) whether to approve the application of Class Counsel for an award of Attorneys' Fees and Expenses; (d) whether to approve the payment of a Case Contribution Award to the Settlement Class Representatives; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the

Settlement Class. The Final Approval Hearing may be held in person, telephonically, or remotely via Zoom or other electronic platform without further notice. The Settlement Administrator shall post information about the Final Approval Hearing on the Settlement Website, and any interested persons should check the Settlement Website for any changes to the date of the Final Approval Hearing or the manner in which it will be held.

22. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Class Counsel.

23. Any Settlement Class Member may object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for Case Contribution Award, the Fee and Expense Award, or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the Case Contribution Award should not be approved, or why the Fee and Expense Award should not be approved. Any such objection must be in the form and manner required by the Long Form Notice.

24. No Settlement Class Member or other person will be heard on such matters unless they have postmarked no later than the Objection/Exclusion Deadline a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name, address, email, and telephone number of the Settlement Class Member objecting; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support (including copies of any documents relied upon); (e) includes

a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel; and (f) is otherwise in the form and manner required by the Long Form Notice. Such written objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by mail, hand, or overnight delivery services at the same time to the following counsel:

Gary F. Lynch
Nicholas A. Colella
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

-and-

Jeffrey A. Klafter
KLAFTER LESSER LLP
2 International Drive, Suite 350
Rye Brook, NY 10573

-and-

Paul Doolittle
POULIN | WILLEY | ANASTOPOULO, LLC
32 Ann Street
Charlestown, SC 29403

*Class Counsel*

Jeffrey Weimer
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222

*Counsel for University of Pittsburgh*

25. If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.

26. If any Settlement Class Member does not make an objection in the form and manner set forth above and in the Long Form Notice, such Settlement Class Member shall be deemed to have waived any objections and shall be forever barred from raising such objections in this Action or any other action or proceeding, absent further order of the Court.

27. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Pitt to provide the "Settlement Class List" regarding Settlement Class Members (*i.e.*, directory information, as FERPA defines that term) to the Settlement Administrator in accordance with this Order.

28. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

29. The application for attorneys' fees and litigation expenses must be filed at least fourteen (14) days prior to the Objection/Exclusion Deadline.

**Further Matters**

30. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

31. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

32. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.

Dated: 4/14/25

_____
Hon. William S. Stickman IV
United States District Judge